# IN THE TAX COURT OF THE STATE OF OREGON

Carlton H. PERRY

*v.*

## DEPARTMENT OF REVENUE

(TC 4238)

Plaintiff (taxpayer) appeared *pro se*.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented Defendant (department).

Decision for Defendant rendered November 3, 1998.

## CARL N. BYERS, Judge.

Plaintiff (taxpayer) appeals from the Defendant's (department) Opinion and Order Nos. 97-3868 and 97-3869 upholding the assessment of additional personal income taxes for 1988, 1989, and 1990. Taxpayer's primary claim is that he is entitled to deduct expenses incurred for a motor home used in connection with his investments.

## FACTS

During the years in question taxpayer owned and operated approximately 24 residential housing units in southeast Portland consisting of a six-plex, some duplexes, and some single-family residences. Most of the properties were contiguous and were located on the same city block where taxpayer has lived since 1967.

Taxpayer testified that 1988, 1989, and 1990 were very difficult years for him. His wife had severe arthritis and required a great deal of care by him. In addition, his parents were elderly and needed his help. His housing units were mostly older properties requiring an extensive amount of maintenance and repairs. Taxpayer testified that he did much of the upkeep himself and worked 60 to 80 hours per week renting and repairing the units. Although the economy was still coming out of a major recession during the years in question, he was not optimistic about the future of these older properties. These circumstances motivated him to look for investments which would require little or no management.

For a number of years, taxpayer owned a motor home that he parked next to his home. He testified that during the years in question he used it as an office, a bedroom, and for transportation. Although he had an office in his home, it was not always adequate for the number of tenants, prospective clients, lenders, and others he needed to see. And, due to his wife's severe arthritis, he concluded that he could not continue to use his living room and front room for business. Consequently, he used the motor home to conduct this business. Taxpayer also regularly slept in the motor home and used it on occasion to drive around the state to look

for other investment opportunities and gather information for a novel he was writing.

## ISSUE

Was taxpayer entitled to deduct expenses incurred for the motor home, including depreciation?

## ANALYSIS

The task of distinguishing nondeductible personal expenses from deductible business expenses has long been a challenge for personal income tax systems. That distinction is not made easier by taxpayers who view their lives and the income tax system through a screen of self interest. With their view obscured, they often conclude that the cost of their breakfast cereal is a business expense because without eating they could not work.

■ The Internal Revenue Code (IRC) provides some basic rules governing deductible expenses. In this context, the code allows deductions for expenses incurred in a trade or business (IRC section 162) or expenses incurred for the production of income (IRC section 212).

However, these deductions are limited by IRC section 280A. That section provides, in relevant part:

> "GENERAL RULE—Except as otherwise provided in this section, in the case of a taxpayer who is an individual or a S Corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." IRC § 280A.

■■ Thus, if a taxpayer uses a dwelling unit as a residence, no deduction otherwise allowed under section 162 is allowed. Section 280A(f)(1)(A) defines a dwelling unit as "a house, apartment, condominium, mobile home, boat, or similar property * * *." Taxpayer's motor home clearly qualifies as a dwelling unit in that it is a "mobile home" or similar property. Section 280A(d)(1)(A) provides that a dwelling unit is used as a residence if it is used for personal purposes more than 14 days a year. Therefore, if the court determines that taxpayer used his motor home as a residence during the tax

year, then he is not entitled to any deductions under section 162.

■　　　However, even if the court were to conclude that taxpayer did not use the motor home as a residence, section 280A(c)(1) requires that some portion of the dwelling unit be used exclusively for business in order to qualify for deduction. That section provides:

"CERTAIN BUSINESS USE—Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis–

"(A) as the principal place of business for any trade or business of the taxpayer."

Assuming, arguendo, that taxpayer is entitled to deductions under section 162, and that he did not use the motor home as a residence, the court still must consider whether taxpayer utilized the motor home exclusively as his principal place of business. If not, he is not entitled to a deduction under section 162.

Taxpayer submitted records pertaining to the use of the motor home. Exhibit 2, which covers most but not all of 1989, indicates that most of the time the motor home was in the city of "PDX," which the court assumes to mean Portland. On these dates, and the record does not cover every day of the year, there are marks to indicate how many calls or visitors for business purposes were received in the motor home. Based on this record alone, most of the time the motor home was not being used for business. One reason for this is that the record covers only a limited number of days. For example, it shows only one day in March, two days in July, and two days in August.

The record also indicates that during 1989 taxpayer made 15 trips in the motor home to various Oregon cities; mostly to Madras, Redmond, Bend, Baker, Burns, Hillsboro, and Prairie City. Exhibit 3, submitted by taxpayer, shows additional trips to Lincoln City, Salem, Tillamook, and other areas.

■　　　Taxpayer testified that one of the purposes for these trips was to gather information for a novel he was writing. However, taxpayer is not a professional writer. Further, the

court questions when taxpayer found the energy or time to write if he spent 60-80 hours per week in exhausting work operating his rental properties. Taxpayer submitted no evidence of how he used the information gathered for the novel, if it was used at all. Also, he submitted no written evidence that he tried to sell or make a profit from the novel. Congress has wisely recognized that if everyone could deduct expenses incurred in literary and artistic endeavors, then virtually every American would become a writer or an artist. Consequently, except for those professionals who have established their status by actually earning income, writers are required to capitalize their expenses until income is earned from the writing to offset those expenses. *See* IRC § 263(A).

Taxpayer testified that the second purpose of the trips was to investigate possible investments. Because of the stress and demands on his energy and time, he was looking for real property that would require less management or work to operate. However, in the court's opinion, Exhibit 3 does not reflect a serious investor's efforts. The investment-oriented comments are almost casual in nature and appear based primarily on observations obtained by a person just driving by the property. This falls more in the category of idle speculation than investigation. Further, it makes no business sense to drive a 37 foot recreational vehicle to Hillsboro, Salem or to Lincoln City from Portland. An automobile would be much less expensive and quicker. However, as taxpayer acknowledged, it does make personal sense if taxpayer's wife has severe arthritis and requires a place to stretch out while she is traveling. The court notes that no investments were ever made as a result of these trips.

Taxpayer contends that the rules governing deductions are unfair. By way of explanation, it is important to remember that the personal income tax system is based on taxpayer-kept records and depends upon the taxpayer assessing his or her own tax. This presents a great temptation for taxpayers to keep records which appear to be business oriented or to characterize nondeductible personal interests as deductible business efforts. To offset this temptation, Congress has chosen a bright-line test requiring office use to be exclusive. That exclusivity requirement overcomes taxpayer rationalizations, which may become so extensive as to be deluding. For example, in this case, taxpayer allocated 25

percent to personal use of the motor home. This estimate is apparently based on his rationale that he used the motor home six hours per day. On cross examination he testified that he slept in the motor home, used the kitchen and the bathroom, and watched television. In view of this testimony, it is highly unlikely that the taxpayer's personal use of the motor home was limited to 25 percent of the time.

The court finds that taxpayer's records do not substantiate the expenses claimed and therefore he is not entitled to a deduction under section 162. In addition, the court finds that taxpayer did not use the motor home exclusively as a place of business and that he used it substantially as a residence within the meaning of section 280A(d)(1). Accordingly, judgment will be entered sustaining Defendant's Opinion and Order Nos. 97-3868 and 97-3869. Defendant to recover its costs.